UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| MODERN WOODMEN OF AMERICA, | ) |
| Plaintiff, | ) |
| v. | ) Cause No. 1:21-CV-393-HAB |
| MARIANNE D. NELSON and PATSY S. MCCAIN a/k/a PATSY NELSON, | ) |
| Defendants. | ) |
| PATSY S. MCCAIN a/k/a PATSY NELSON, | ) |
| Crossclaim Plaintiff, | ) |
| v. | ) |
| MARIANNE D. NELSON, | ) |
| Crossclaim Defendant. | ) |
| MARIANNE D. NELSON, | ) |
| Crossclaim Plaintiff, | ) |
| v. | ) |
| PATSY S. MCCAIN a/k/a PATSY NELSON, | ) |
| Crossclaim Defendant. | ) |

**OPINION AND ORDER**

Ronald Nelson ("Ronald") took out a $50,000 life insurance policy ("Policy") while married to Marianne Nelson ("Marianne"). Their love did not last. As part of their divorce, Marianne took an interest in Ronald's insurance policies. Marianne then paid the premiums on the

Policy. But Ronald had other ideas. After marrying Patsy Nelson (née McCain) ("Patsy"), Ronald changed the beneficiary on the Policy to Patsy. With Ronald having shuffled off this mortal coil, the widow and the ex-wife are now battling for control over the proceeds.

Now before the Court is Patsy's motion to dismiss Marianne's crossclaim. Patsy claims that Marianne has failed to state a claim for unjust enrichment. Patsy further claims that Marianne violated an inapplicable Indiana pleading rule. Because Patsy is wrong on both counts, the motion will be denied.

**I.      Well-Pleaded Allegations**

In 1985, Ronald took out the Policy and named his then-wife Marianne as the beneficiary. The couple divorced in 2011. As part of their divorce settlement, Ronald agreed to "to cooperate in the execution of any documentation reasonably necessary to effectuate any provisions of this Agreement, including but not limited to . . . all documents for [Marianne] to receive her interest in any and all pension plans and insurance policies." Marianne then paid all premiums for the Policy.

Ronald then married Patsy. In 2013, Ronald filed the appropriate forms to change the beneficiary of the Policy to Patsy and to revoke all previous beneficiary designations. When Ronald died in May 2021, both women made claims on the Policy proceeds. The Court is now in possession of the Policy proceeds following Modern Woodman of America's interpleader of those proceeds.

In response to the interpleader action, Marianne filed a crossclaim against Patsy for the Policy proceeds. Marianne's crossclaim alleges a single count of unjust enrichment. Generally, she alleges that, by paying the Policy premiums, she reasonably expected to receive the Policy proceeds and that it would be "unjust" for Patsy to retain those proceeds. Marianne asks for "an equitable lien and/or constructive trust upon the proceeds of the Policy" in her favor.

2

**II.     Legal Discussion**

**A.     *Motion to Dismiss Standard***

Federal Rule of Civil Procedure 12(b)(6) authorizes dismissal if the complaint fails to set forth a claim upon which relief can be granted. "The purpose of a motion to dismiss is to test the sufficiency of the complaint, not to decide the merits." *Gibson v. City of Chi.*, 910 F.2d 1510, 1520 (7th Cir. 1990). Thus, when analyzing a Rule 12(b)(6) motion to dismiss, a court construes the claim in the light most favorable to the plaintiff, accepts all factual allegations as true, and draws all reasonable inferences in favor of the plaintiff. *Tamayo v. Blagojevich*, 526 F.3d 1074, 1081 (7th Cir. 2008).

At a minimum, the claim must give fair notice of what the claim is and the grounds on which it rests; and the factual allegations must raise a right to relief above the speculative level. *See Bissessur v. Ind. Univ. Bd. of Trs.*, 581 F.3d 599, 602-03 (7th Cir. 2009); *Tamayo*, 526 F.3d at 1081, 1083. While a claim need not include detailed factual allegations, a plaintiff has the obligation to provide the factual grounds supporting his entitlement to relief; and neither bare legal conclusions nor a formulaic recitation of the elements of a cause of action will suffice in meeting this obligation. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). *See also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("the pleading standard Rule 8 . . . demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation" and "(t)hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice"). Although this does not require heightened fact pleading of specifics, it does require the claim to contain enough facts to state a claim to relief plausible on its face. *Bell Atl. Corp.*, 550 U.S. at 570; *Tamayo*, 526 F.3d at 1083 ("(a) plaintiff still must provide only enough detail to give the defendant fair notice of what

3

the claim is and the grounds upon which it rests, and, through his allegations, show that it is plausible rather than merely speculative, that he is entitled to relief").

1.   **Indiana Trial Rule 9.2(A) is Inapplicable**

The easiest argument to deal with is Patsy's assertion that Marianne's crossclaim must be dismissed because Marianne failed to attach the divorce settlement agreement. Patsy relies on Indiana Trial Rule 9.2(A). But this is not an Indiana state court, so Patsy's argument is frivolous.

The Court's jurisdiction is based on 28 U.S.C. § 1335, which gives district courts original jurisdiction over all interpleader actions when the interpleaded funds are more than $500 and the claiming parties are diverse. 28 U.S.C. § 1335(a). Because this is a federal case, federal pleading rules apply. *Follenfant v. Rogers*, 359 F.2d 30, 32 (5th Cir. 1966) (declining to apply state pleading rules in an action brought under 28 U.S.C. § 1335).

Indiana, through Trial Rule 9.2(A), requires plaintiffs to attach written instruments on which their claims are based to a complaint. The Federal Rules of Civil Procedure do not. *Eret v. Continental Holding, Inc.*, 838 F. Supp. 358, 362 (N.D. Ill. 1993) ("a plaintiff is not obligated to attach documents to the complaint"). Marianne violated no rule of federal pleading when she omitted the divorce settlement agreement from her crossclaim, and her crossclaim cannot be dismissed on that ground.

2.   **Marianne has Done Enough to Survive Dismissal**

The briefing on the sufficiency of Marianne's unjust enrichment claim is, unfortunately, a bit of a mess. Patsy, relying on Indiana law, argues that a claim for unjust enrichment can only exist when the defendant "impliedly or expressly requested the benefits be conferred." (ECF No. 23 at 3) (quoting *Coleman v. Coleman*, 949 N.E.2d 860, 866 (Ind. Ct. App. 2011)). Patsy argues

4

that she never expressly or impliedly asked Marianne to pay the Policy proceeds, thus defeating any unjust enrichment claim.

Marianne suggests, without expressly asserting, that Indiana law might not even apply. Rather, she claims in a footnote that the law of Florida, where the divorce occurred, might apply. (ECF No. 34 at 4, n.1). And, if Florida law applies, Marianne argues that there is no requirement for an implied or express request for benefits. *Id*. In any event, Marianne asserts that she alleged the Policy premiums were paid "at the express or implied consent" of Patsy, which is enough to survive dismissal.

Patsy ignores the seemingly important issue of choice of law in her reply. Patsy also ignores the express allegation in Marianne's crossclaim that Marianne paid the Policy premiums "at the express or implied consent" of Ronald, Patsy, or both. (*See* ECF No. 18 at 10, ¶14). Instead, she wades into summary judgment territory by introducing facts from outside the pleadings; namely, that Marianne took a loan against the Policy while she and Ronald were married. Whether or not this is true, it cannot be considered by the Court. *Beaulieu v. Ashford Univ.*, 529 F. Supp. 3d 834, 845 (N.D. Ill. 2021) ("When deciding a motion under Rule 12(b)(6), the Court generally cannot consider matters outside the pleadings without converting the motion into one for summary judgment under Rule 56.").

What both parties missed is that both Indiana and Florida recognize a claim in equity when a divorced spouse re-assigns life insurance benefits in breach of a divorce settlement. *See*, *e.g.*, *Lowry v. Lowry*, 463 So.2d 540, 541 (Fla. Ct. App. 1985); *Meece v. Meece*, 495 N.E.2d 827, 827–28 (Ind. Ct. App. 1986). Assuming, as the Court must, that Marianne's allegations about the terms of the divorce settlement are true, she has stated a valid claim in either jurisdiction. The truth of Marianne's allegations, and the merits of her crossclaim, are for another day.

**III.     Conclusion**

For these reasons, Patsy's motion to dismiss (ECF No. 23) is DENIED.

SO ORDERED on March 30, 2022.

                                                s/ Holly A. Brady  
                                                JUDGE HOLLY A. BRADY  
                                                UNITED STATES DISTRICT COURT